Company is now occupying the line under a contract with the railroad company, which gives it an exclusive right in that behalf, and it is not denied that some arrangement has been made with the Southern Telegraph Company by which that company no longer is a contestant in the cause. Time is given the railroad company until the 19th day of March next to make a further showing in the premises if it desires to do so.

Mr. Justice Miller, on the 9th of April, 1888, delivered the opinion of the court.

It was suggested by a letter from counsel employed on one side of this suit that his party had sold out the interest which it had to the other party, who was prosecuting it now and was *dominus litis* on both sides. A ruling was made some time ago, before the death of the late Chief Justice, in effect that there was sufficient evidence to that effect to require the case to be dismissed unless the side now prosecuting it for decision would show satisfactory evidence that it was a *bona fide* suit. Two attempts have been made, and we are agreed in the opinion that they are both failures and that the original order should now be carried out, dismissing the case on the grounds set forth in the opinion of the Chief Justice, delivered at the time.

----

## IN RE ROYALL.

ORIGINAL MOTION IN A CAUSE ADJUDGED AT THE LAST TERM OF
THIS COURT.

No. 1351 of October Term, 1886. Submitted February 17, 1888. — Decided February 20, 1888.

The court denies a motion to take action to cause the judgment of a state court to be reversed in obedience to the mandate of this court, on the ground that it did not appear that the petitioner had applied to the highest court of the State to carry the mandate of this court into effect.

*Mr. Leigh Robinson*, on behalf of Mr. William L. Royall, the plaintiff in *Royall* v. *Virginia*, decided at the last term and reported in 121 U. S. at page 102, presented the following petition.

*To the Honorable Judges of the Supreme Court of the United States:*

Your petitioner, William L. Royall, would respectfully show that in a prosecution against him in the Hustings court of the city of Richmond, by the Commonwealth of Virginia, he was convicted and sentenced to pay a fine of fifty dollars. Your petitioner applied to the supreme court of appeals of said State for a writ of error to reverse this judgment, but that court refused to award the same. Your petitioner then applied to this Honorable Court for a writ of error, which was awarded, and the judgment of the supreme court of appeals of Virginia was reversed at the last term of this court, and this court's mandate was sent to said supreme court of appeals, directing it to reverse the judgment of said Hustings court.

Your petitioner placed the mandate of this court in the hands of Hon. L. L. Lewis, president of the supreme court of appeals of the State of Virginia, in the month of June, 1887, and prayed that such proceedings might be taken as would cause the judgment of said Hustings court to be reversed. Nevertheless, up to this day said supreme court of appeals of the State of Virginia has taken no action in the matter, and the judgment and sentence of said Hustings court of the city of Richmond against your petitioner remain in full force and unreversed. Your petitioner prays, therefore, that this Honorable Court will take such action in the premises as will cause said judgment to be reversed. The said supreme court of appeals and the said Hustings court are both in session at this time.

WM. L. ROYALL.

Mr. Chief Justice Waite delivered the opinion of the court.

This motion is denied. It does not appear that the petitioner has ever applied to the supreme court of appeals of Virginia to carry the mandate of this court into effect.